

**Your Missouri Courts**

ase.net

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print  GrantedPublicAccess Logoff HAARALEXANDRA

## 2222-CC09538 - CHRISTIAN HORNBECK V ARCHDIOCESE OF ST LOUIS ET AL (E-CASE)

| Case FV Info | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries ▼

---

**01/30/2023** ☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-618, for ANDERSON, ALEXANDER.

**01/26/2023** ☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-557, for SISTERS OF ST JOSEPH OF CARONDELET.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-556, for CARLSON, ROBERT J.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-555, for ROZANSKI, MITCHELL T.

☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-554, for ARCHDIOCESE OF ST LOUIS.

**01/25/2023** ☐ **Motion Special Process Server**
Request for Appointment of Process Server.
 **Filed By:** REBECCA M. RANDLES
 **On Behalf Of:** CHRISTIAN HORNBECK

**01/23/2023** ☐ **Alias Summons Issued**
Document ID: 23-SMCC-452, for CATHOLIC CHARITIES OF ST LOUIS.

☐ **Alias Summons Issued**
Document ID: 23-SMCC-451, for GOOD SHEPHERD CHILDREN AND FAMILY SERVICES.

**01/19/2023** ☐ **Motion Special Process Server**
Motion for Appointment of Process Server.
 **Filed By:** REBECCA M. RANDLES
 **On Behalf Of:** CHRISTIAN HORNBECK

**11/28/2022** ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-13749, for CATHOLIC CHARITIES OF ST LOUIS.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-13748, for GOOD SHEPHERD CHILDREN AND FAMILY SERVICES.

**11/21/2022** ☐ **Motion Special Process Server**
Request for Appointment of Process Server.
 **Filed By:** REBECCA M. RANDLES
 **On Behalf Of:** CHRISTIAN HORNBECK

**EXHIBIT A**

Case: 4:23-cv-00245-CDP   Doc. #:   1-1   Filed: 03/03/23   Page: 2 of 64 PageID #: 6

| | | |
|---|---|---|
| **10/24/2022** | ☐ | **Jury Trial Scheduled** |
| | | **Scheduled For:** 03/27/2023;  9:00 AM ;  ELIZABETH BYRNE HOGAN;  City of St. Louis |
| | | |
| **09/21/2022** | ☐ | **Confid Filing Info Sheet Filed** |
| | | **Filed By:** REBECCA M. RANDLES |
| | ☐ | **Pet Filed in Circuit Ct** |
| | | Petition; Confidential Case Filing Information Sheet. |
| | | **Filed By:** REBECCA M. RANDLES |
| | | **On Behalf Of:** CHRISTIAN HORNBECK |
| | ☐ | **Judge Assigned** |

Case.net Version 5.14.62                    Return to Top of Page                    Released 02/03/2023

**2222-CC09538**

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSIOURI**

| | | |
|---|---|---|
| **CHRISTIAN HORNBECK** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **ARCHDIOCESE** | ) | **JURY TRIAL DEMANDED** |
| **OF ST. LOUIS** | ) | |
| | ) | |
| **Serve at:** | ) | |
| **20 Archbishop May Drive** | ) | |
| **St. Louis, MO 63119** | ) | |
| | ) | |
| **Fr. Alexander Anderson** | ) | |
| | ) | |
| **Serve At:** | ) | |
| **St. Rose of Lima Catholic Church** | ) | |
| **504 S. 3rd Street** | ) | |
| **DeSoto, MO 63020** | ) | |
| | ) | |
| **Archbishop Mitchell T. Rozanski,** | ) | |
| **In his capacity as Archbishop of the** | ) | |
| **Archdiocese of St. Louis and as Member** | ) | |
| **Of the Good Shepherd** | ) | |
| **Children and Family Services f/k/a** | ) | |
| **Catholic Services for Children and Youth** | ) | |
| **And St. Joseph's Home for Boys** | ) | |
| | ) | |
| **Serve At:** | ) | |
| **20 Archbishop May Drive** | ) | |
| **St. Louis, MO 63119** | ) | |
| | ) | |
| **Archbishop Robert Carlson** | ) | |
| **Individually and in his capacity as** | ) | |
| **Archbishop of St. Louis and as Member of** | ) | |
| **Catholic Charities of St. Louis and as Member** | ) | |
| **Of the Good Shepherd** | ) | |
| **Children and Family Services f/k/a** | ) | |
| **Catholic Services for Children and Youth** | ) | |
| **And St. Joseph's Home for Boys** | ) | |
| | ) | |
| | ) | |
| | ) | |

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

Serve at:                                    )
20 Archbishop May Drive                      )
St. Louis, MO 63119                          )
                                             )
**Good Shepherd Children and Family**        )
**Services, f/k/a Catholic Services for**    )
**Children and Youth and St. Joseph's**      )
**Home for Boys**                            )
                                             )
Serve at Registered Agent:                   )
Kathy Fowler                                 )
1340 Partridge Avenue                        )
St. Louis, MO                                )
                                             )
**Catholic Charities of St. Louis, as the Sole**  )
**Of Good Shepherd Children and Family**     )
**Services, f/k/a Catholic Services for**    )
**Children and Youth and St. Joseph's**      )
**Home for Boys**                            )
                                             )
Serve at:                                    )
Registered Agent:                            )
Theresa E. Ruzicka                           )
4445 Lindell Blvd.                           )
St. Louis, MO 63108                          )
                                             )
**Sisters of St. Joseph of Carondelet,**     )
**St. Louis Province**                       )
                                             )
Serve at:                                    )
Registered Agent:                            )
Sister Mary Frances Johnson                  )
6400 Minnesota Avenue                        )
St. Louis, MO,                               )
                                             )
          Defendants.                        )

## PETITION

Plaintiff, for his Petition against the Defendants named herein, alleges as follows:

1.      Defendant Archdiocese has knowingly covered up and concealed the sexual abuse

of its minor parishioners by its employee Defendant Father Alexander Anderson.  This coverup

has allowed Defendant Anderson to access and sexually abuse numerous vulnerable individuals,

2

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

including Plaintiff.  This coverup has allowed Defendant Anderson to access and sexually abuse at least three other children.  Plaintiff brings this lawsuit in order to hold the Defendants responsible for the injuries they have caused and to protect others from the pain of sexual abuse and assault.

2.     Defendant Alexander Anderson has been a Priest with the Archdiocese of St. Louis for many years and continues in his role at the St. Rose of Lima Parish in DeSoto, Missouri.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the causes of action asserted herein and over the parties to this action.  Plaintiff asserts claims under Missouri common law.

4.     This Court has jurisdiction because Defendant Archdiocese owned and operated, including but not limited to, the St. Joseph's Home for Boys, St. Andrew's Parish, Assumption Parish, Sacred Heart Parish St. Louis, Missouri, and St. Rose of Lima Parish, DeSoto, Missouri, is licensed to do business or transact business in Missouri, and has obtained the benefits of the laws of the State of Missouri and the benefits of the Missouri location for this parish.

5.     All Defendants are domiciled in St. Louis, Missouri and are licensed to do business or transact business in Missouri and have obtained the benefits of the laws of the State of Missouri and benefits of the Missouri location.

6.     Fr. Alexander Anderson is a resident of the State of Missouri and currently resides in DeSoto, Missouri.  His tortious acts occurred in St. Louis, Missouri.

7.     All of the sexual molestation, harassment, and fraudulent activity described herein occurred in the State of Missouri with the first injury occurring in St. Louis, Missouri.

8.     This Court has jurisdiction over the causes of action asserted herein and over the parties to this action.  Plaintiff asserts his claim under Missouri common law and Federal law under 42 U.S.C. § 1983.

3

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

## PARTIES

9.     Plaintiff is an adult man who lives in Georgia.  Plaintiff was a minor at the time of the incidents alleged herein.

10.    At all times material, Defendant Archdiocese of St. Louis (hereinafter "Archdiocese") was and continues to be a nonprofit corporation doing business in Missouri with its principal place of business located at 20 Archbishop May Drive, St. Louis, Missouri.

11.    The Archdiocese is led by its Archbishops.  Those who were Archbishops during the abuses until the present include:  John L. May, 1980–1992; Justin Francis Rigali, 1994–2003; Raymond L. Burke, 2004–2008; and Robert J. Carlson, 2009 to present.  His successor, Archbishop Mitchell Rozanski, has been named to succeed Archbishop Carlson upon his retirement.  Archbishop Carlson and Archbishop Burke are named in their capacity as supervisor of the Archdiocese and individually for their roles in continuing the coverup concerning Fr. Alexander Anderson.

12.    Defendant Anderson was a Roman Catholic Priest at St. Pius V from 1975–1979; St. Blaise from 1979–1980; Immaculate Heart of Mary from 1980–1981; St. Simon's in Concord Village from 1981–1983; St. Joseph's Home for boys from 1983–1988; St. Andrews, Lemay, 1988–1992; Assumption Parish in Mattese, 1992–1993; Sacred Heart Parish 1992–2008; and at St. Rose of Lima from 2008 to the present.  He was assigned to the St. Joseph's Boy's Home from 1983–1988 but continued to serve the home as a counselor and spiritual guide up to and including 2002 and thereafter.

13.    The abuse set forth herein took place at the St. Joseph's Home for Boys (hereinafter "St. Joseph's") in the late 1990s and early 2000s.  St. Joseph's was located at 4753 South Grand Avenue, St. Louis, MO.

4

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

14.     St. Joseph's was run for decades by The Archdiocesan Department of Children. The Department of Children was incorporated as the Catholic Services for Children and Youth in 1970.  In 2006, Good Shepherd Children and Family Services was created through the merger of the St. Joseph's Home for Boys.   The name was changed via amendment of the Articles of Incorporation on March 26, 2007.

15.     Catholic Charities is the sole member of these corporations and the Archbishop of the Archdiocese of St. Louis is the sole Member of these corporations being the sole member of Catholic Charities.

16.     The Sisters of St. Joseph's of Carondelet were the nuns who had teaching and other responsibilities at the St. Joseph's.  The Sisters of St. Joseph of Carondelet are located at 6400 Minnesota Avenue, St. Louis, MO 63111.

17.     Archbishop Rozanski is the current Archbishop of St. Louis and the current Sole Member of Catholic Charities and Member of Good Shepherd Children and Family Services f/k/a Catholic Services for Children and Youth, which fully owned and operated the St. Joseph's Home for Boys.

18.     Archbishop Carlson is sued in his individual capacity for fraud in the investigation of the allegations of abuse against Fr. Anderson and in his former capacity as Archbishop of St. Louis and sole member or member of the corporate Defendants as well as the supervisor of Fr. Alexander Anderson.

19.     All acts of sexual abuse alleged herein took place during functions in which Defendant Anderson acted in his role as a priest and authority figure.  Plaintiff was a resident at St. Joseph's at all times relevant.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

**BACKGROUND FACTS APPLICABLE TO ALL COUNTS**

20.     When Plaintiff was a child, he came to reside at St. Joseph's.  He was taken by the state from his mother and placed at various boy's homes in his youth, including the St. Joseph Home for Boys.

21.     Plaintiff was a ward of the State when he was placed by the Children's Division at St. Joseph's Home for Boys.

22.     The State of Missouri delegated to St. Joseph's Home for Boys the residential placement of Christian Hornbeck.

23.     In the residential placement, St. Joseph's Home for Boys regulated all aspects of Christian Hornbeck's daily life—from where he lived, to when he could leave the grounds, to whom he could have contact with in person or via telephone.

24.     Plaintiff's medical and mental health needs were cared for at the premises of St. Joseph's Boy's Home or were facilitated by the Boy's Home.

25.     When Plaintiff received a suspension or other disciplinary measures from the St. Louis Public Schools, the Parent/Guardian listed was Daisy Brown at 4753 S. Grand, St. Louis, Missouri.  That address is an Archdiocesan owned property St. Mary's High School.

26.     While at St. Joseph's Home for Boys, Plaintiff was placed in the Residential Treatment Center where he received evaluations and therapy.

27.     The evaluations, therapy and residential treatment were all provided by the State of Missouri.

28.     Plaintiff's treatment providers were paid by Medicaid, a Federal program. Plaintiff's residential placement was paid by the Children's Division, then known as The Division of Family Services (DFS).

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

29.     On multiple occasions, Christian Hornbeck was placed in a detention room and not allowed to leave.  The unit on which he resided was a locked unit that did not allow him to leave except as permitted by the facility.

30.     Plaintiff was an outsider at St. Joseph's, not having grown up in the same area as the other students.  Many of the students there were from the urban core.

31.     Plaintiff was picked on by the students and beaten up on many occasions.  He was also subjected to sexual acts by the older boys.

32.     When Plaintiff complained about the older boys' behavior, Plaintiff was ignored by staff.

33.     On occasions, the staff would place Plaintiff in the quiet room and have other kids go into the room and fight him.  Plaintiff was beaten up as staff watched the "sport."

34.     Fr. Alexander Anderson regularly came to the St. Joseph's Home for Boys while Plaintiff resided there.  Fr. Alexander Anderson offered counseling and spiritual guidance there.

35.     Father Anderson used his position of authority over the Plaintiff to manipulate, control, and groom Plaintiff.

36.     When he came to the facility, he would go to the basement where there were a number of office-type rooms.  There, he counseled Plaintiff and other children.

37.     The abuse first began in the basement of dormitory where the Plaintiff resided.

38.     Defendant Anderson had staff bring Plaintiff to him under the guise of counseling and/or spiritual guidance.  Once the child was in the basement, Fr. Anderson offered to pray with him and promised to be his special friend.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

39.     On at least four occasions, Plaintiff was taken to the basement by staff members who brought him to the Priest.  Plaintiff was touched inappropriately and his genitals and other areas fondled above and beneath the clothes by Fr. Anderson.

40.     During one of the counseling sessions, Fr. Anderson asked Plaintiff how he liked the school.  Plaintiff answered honestly, based upon Fr. Anderson's promises of confidentiality. The boy told the priest that he had been beaten up on multiple occasions.

41.     On two occasions, Plaintiff objected to the acts that Fr. Anderson was perpetrating on him.  Fr. Anderson became angry and called the staff down to get Plaintiff.

42.     Staff took Plaintiff to the quiet room.  In that room, Plaintiff was subjected to a beating.

43.     Fr. Anderson normalized this kind of touching with Plaintiff and the other children.

44.     Plaintiff engaged in psychological coping mechanisms including what is commonly called "repression of memory."  Plaintiff did not remember these events until 2018.  At that time, Plaintiff saw a Facebook post about St. Joseph's Home for Boys.  He responded with a negative Facebook post about the school.  Thereafter, Plaintiff's memories of the abuses there flooded into his consciousness.

45.     The Archdiocese of St. Louis-St. Joseph received reports about Fr. Anderson's inappropriate and illegal sexual predation from at least three other individuals.

46.     The Archdiocese of St. Louis-St. Joseph allowed Fr. Anderson to hold positions of authority as Pastor and other positions of power and continues to do so.

47.     At all times relevant, St. Joseph's was under the direct supervision and control of Defendant Archdiocese.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

48.     At all times material hereto, Anderson was under the direct supervision, employ and control of the Archdiocese.

49.     While Plaintiff was a resident, Defendant Anderson worked with, mentored, supervised, and counseled Plaintiff.  As such, Defendant held a position of trust and confidence in the care and supervision of Plaintiff constituting a confidential relationship.

50.     Defendant Archdiocese provided religious nurturing, counsel, advice, and education to Plaintiff.  Defendant Archdiocese held power and authority over the student and owed him a duty of care and supervision.  Defendant Archdiocese maintained a confidential relationship with Plaintiff.

51.     After learning of Defendant Anderson's and wrongful conduct, Defendants, by and through their agents, ratified the wrongful conduct described herein.  Defendant Archdiocese knew of, encouraged, and failed to intervene to stop the abuses of Fr. Anderson.  He has not been removed from service and continues as a Priest in good standing with the Archdiocese despite the numerous allegations against him.

52.     As a direct result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

## COUNT 1: CHILD SEXUAL ABUSE

### (Defendant Anderson)

53.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

54.     Defendant Anderson engaged in sexual conduct and contact upon the person of the Plaintiff, a minor.  Said acts were committed while Defendant was acting within the course and scope of employment with the Archdiocese, were committed while Defendant Anderson was a managing agent of the Archdiocese, and were ratified by the Archdiocese.

55.     As a result of the above-described acts, Plaintiff has suffered, and continues to suffer, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life;  was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 2: INTENTIONAL FAILURE TO SUPERVISE CLERGY

### (Defendant Archdiocese)

56.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

57.     At all times material, Defendant Archdiocese was the supervisor and employer of Fr. Anderson.

58.     Upon information and belief, Defendant Archdiocese was aware of previous sexual misconduct by clergy within its boundaries, including Defendant Anderson, and that future harm was certain or substantially certain to result without proper supervision.

59.     Defendant Archdiocese disregarded the known risk of sexual abuse by Anderson.

60.     Defendant Archdiocese's inaction caused injury to Plaintiff.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

61.     Plaintiff was sexually abused on the property owned and operated by Defendant Archdiocese and/or was abused on premises that the priests were allowed on solely due to their status as priests.

62.     Defendants Archdiocese knew or should have known that sexual misconduct by its employees and/or designated agents would cause or was substantially certain to cause those abused harm.

63.     Despite the risk posed by Defendant Anderson, Defendant Archdiocese continued to place him in positions in which he would have access to and power over those whom he abused.

64.     Despite the risk posed by the Defendant priest, Defendant Archdiocese ratified his actions by approving and paying for travel expenses and other expenses associated with outings with students, encouraging contact with students after knowing of Anderson's proclivities, and allowing Anderson to train, mentor, guide, and nurture young students.

65.     By engaging in these actions, Defendant Archdiocese disregarded the risk posed by the Defendant priest.

66.     Defendant Archdiocese's actions and/or inactions were willful, wanton, and reckless for which punitive damages and/or damages for aggravating circumstances are appropriate.

67.     As a result of Defendant Archdiocese's failures to properly supervise Defendant Anderson, Plaintiff was injured and has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that are medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; was prevented and will continue to be prevented from performing his daily

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### COUNT 3: INTENTIONAL FAILURE TO SUPERVISE CLERGY

**(All Defendants)**

68.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

69.     At all times material, Defendants Archdiocese, Catholic Charities, the Catholic Services for Children and Youth a/k/a Good Shepherd Children and Family Services, and the Sisters of St. Joseph of Carondelet (hereinafter "Sisters") were responsible for the supervision of those providing services at the facility.

70.     A nun by the name of Sr. Mary Francis had been told of the abuses of Fr. Anderson nearly a decade prior to Plaintiff's being placed in the home.  St. Mary Francis was a mandated reporter in the State of Missouri at the time as were the Sisters and Archdiocese.  Despite that fact, no Defendant took any steps to report the abuses by Anderson to the authorities and took no steps to protect children from this known harm.

71.     Neither Sister Mary Francis nor the entities for which she was a managerial agent and or supervisor took any steps to stop the abuses from occurring.

72.     Sister Mary Francis, the Sisters, and the Archdiocese aided and abetted and or ratified the continuing abuses.

73.     Upon information and belief, Defendants were aware of previous sexual misconduct as well as the abuses being committed by Defendant Anderson on Plaintiff, and that future harm was certain or substantially certain to result without proper supervision.

74.     Defendants disregarded the known risk of sexual abuse by Anderson.

75.     Defendants' inaction caused injury to Plaintiff.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

76.     Plaintiff was sexually abused on the property owned and operated by Defendant Sisters and/or was abused on premises that the priests were allowed on solely due to their status as priests.

77.     All Defendants knew or should have known that sexual misconduct by their employees and/or designated agents would cause or was substantially certain to cause those abused harm.

78.     Despite the risk posed by Defendant Anderson, the Defendants took no action to prevent his abuses.

79.     By engaging in these actions, Defendants disregarded the risk posed by the Defendant priest.

80.     The staff of St. Joseph's Home for Boys engaged in willful and wanton behavior by placing Plaintiff in the quiet room and having him beaten up for sport.

81.     All Defendants knew or should have known that this misconduct by their employees and/or designated agents would cause or was substantially certain to cause those abused harm.

82.     Despite the risk posed by these acts, the Defendants took no action to prevent these abuses.

83.     By engaging in these actions, Defendants disregarded the risk posed by the Defendants' staff.

84.     Defendants' actions and/or inactions were willful, wanton, and reckless for which punitive damages are appropriate.

85.     As a result of all Defendants' failures to properly supervise Fr. Anderson and the staff at St. Joseph's Home for Boys, and in aiding and abetting/ratifying the abuse of Plaintiff,

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

Plaintiff was injured and has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that are medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 4: BREACH OF SPECIAL RELATIONSHIP/DUTY

### (All Defendants)

86.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

87.     Defendants were in a confidential and/or special relationship with Plaintiff  by virtue of their positions of authority over him.

88.     Plaintiff reposed trust and confidence in Defendants as his spiritual guides, authority figures, teachers, mentors, and confidantes.

89.     As fiduciaries or confidantes to Plaintiff, Defendants had a duty to obtain and disclose information relating to sexual misconduct and other inappropriate behavior of Defendants' agents, including the Archdiocese, Archbishop, Defendant Anderson, and the St. Joseph's staff.  In their roles as confidantes or fiduciaries, each Defendant owed Plaintiff the duty of trust and loyalty, and the duty to work solely for his benefit.

90.     Defendants breached their duties to Plaintiff and abused their positions of trust and confidence for their own personal gain, including without limitation, the following:

a.     Defendants used their position of power to harm Plaintiff by engaging in the following acts:

14

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

      i.     Keeping a known predator in the service of the church including supervising and mentoring students;

      ii.    Hiding the fact of the previous abuse from any individuals who might intervene;

      iii.   Failing or refusing to report the fact of abuse from any individuals who might intervene;

      iv.   Failing to provide a safe environment for those who relied upon them for their care, nurturance and support;

      v.    Failing to abide by their own internal, secular policies and procedures concerning removal, sanction or discipline of their agents and employees, knowing the individuals whom they serve rely upon those rules, policies, and procedures;

      vi.   Ratifying the abuse by Defendant Anderson by allowing him to mentor, nurture, and teach students, and hiding the fact of his abuse from other individuals or organizations that might intervene to protect those with whom he had a confidential relationship.

91.     Defendant Anderson breached his duties to Plaintiff and abused his position of trust and confidence for his own personal gain, including without limitation, the following:

      a.    Defendant Anderson engaged in sexual misconduct with Plaintiff.

      b.    Defendant Anderson represented to Plaintiff that the actions were appropriate and were part of his spiritual growth and counseling.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

     c.     Defendant Anderson manipulated Plaintiff and retaliated against him by allowing staff to place Plaintiff in the isolation room and be beaten up when Plaintiff did not comply with the priest's requests.

92.     Defendants St. Joseph's, Archdiocese, Archbishop, and unknown staff breached their duties of care by placing Plaintiff in the quiet room and having him beaten up in there; ignoring Plaintiff's complaints of mistreatment, and aiding, abetting, ratifying, and acting as enforcers for the abuses of Fr. Anderson.

93.     Defendants' actions and/or inactions were willful, wanton, and reckless for which punitive damages are appropriate.

94.     As a direct result of Defendants' breach of their fiduciary duties/special relationship, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 5: FRAUD AND CONSPIRACY TO COMMIT FRAUD

### (All Defendants)

95.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

96.     Defendants knew or should have known of the sexual misconduct and other inappropriate behavior of their agents, including Defendant priests and nuns as described herein.

97.     Defendants engaged in trickery, deceit, and acts of deluding Plaintiff, holding Anderson out as an appropriate mentor and teacher, and allowing Anderson to spend time with

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

students and request students to join him in the basement with no one around, knowing that Anderson was dangerous.

98.     Defendants misrepresented, concealed, or failed to disclose information relating to sexual misconduct of their agents, including engaging in the following willful acts intended to deceive:

      a.     Threatening Plaintiff to maintain his silence;

      b.     Refusing to investigate the allegations of abuse made by Plaintiff and others;

      c.     Engaging in a fraudulent investigation once the allegations of sexual abuse became public in or about 2011;

      d.     Refusing to make statutorily required reports of abuse to authorities in order to protect the Church from scandal.

99.     Defendant Archdiocese continued to place the Defendant priest in positions allowing him to be in contact with and in supervision over students following knowledge of his inappropriate sexual behavior.

100.    All Defendants ignored reports that the Defendant priest was engaging in inappropriate sexual activity with children.

101.    Defendants deliberately failed to warn or inform Parishioners, family members, or any other individuals or organizations about Fr. Anderson's using his position of power to injure others.

102.    Defendants Archdiocese, Archbishop, Sisters, Carlson, and nuns deliberately misled their parishioners and the public in their communications regarding Fr. Anderson, holding

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

him out to be a priest in good standing after having received reports of inappropriate behavior on his part.

103.    Defendant Carlson represented to the public and those in Plaintiff's position that a thorough investigation into the actions of Fr. Anderson had been conducted.

104.    Defendant Carlson in fact conducted no serious investigation into the complaints but instead took the word of Fr. Anderson at face value.

105.    Defendant Carlson discouraged other victims from coming forward and failed to protect them from Fr. Anderson after they came forward.

106.    These acts were in furtherance of his fraudulent scheme to misrepresent Fr. Anderson's propriety to serve as an individual with supervisory authority over children.

107.    Defendants knew that they misrepresented, concealed, or failed to disclose information they had the duty to disclose relating to sexual misconduct of their agent.

108.    Defendants had superior knowledge or information not within the fair and reasonable reach of Plaintiff and failed to disclose that information.

109.    Defendants knew of the existence of the torts of sexual abuse and failure to supervise.

110.    Defendants used deception to conceal these torts from Plaintiff and those who were in a position to act on behalf of Plaintiff as a minor.

111.    Plaintiff relied upon that deception and concealment remaining ignorant that torts were committed upon him.

112.    The fact that Defendant Anderson had in the past and/or would in the future be likely to commit sexual misconduct was a material fact in Plaintiff's decision to interact with have

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

mentoring from and spiritual advice with defendants' agent in church sanctioned and/or sponsored activities.

113.    Upon information and belief, Defendants, in concert with each other, with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would misrepresent, conceal, or fail to disclose information relating to the sexual misconduct of Defendant Anderson, prohibiting public scrutiny or investigation into his acts of sexual misconduct.

114.    By so concealing, Defendants committed at least one act in furtherance of the conspiracy.

115.    Defendants' actions and/or inactions were willful, wanton, and reckless for which punitive damages and/or damages for aggravating circumstances are appropriate.

116.    As a direct result of Defendants' fraud and conspiracy, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 6: CONSTRUCTIVE FRAUD

### (All Defendants)

117.    Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

118.    By virtue of the special relationship between Plaintiff and the Defendants, as set forth in The Background Facts Applicable to All Counts and Count 4:    Breach of

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

Confidential/Special Relationship, Defendants had a special duty to Plaintiff to avoid any self-dealing and work solely for his benefit.

119.    As fiduciaries and/or confidantes to Plaintiff, Defendants had a duty to obtain and disclose information relating to sexual misconduct and other inappropriate behavior of Defendants' agents.

120.    Defendants had prior knowledge of past allegations of abuse and/or sexual impropriety with children and current knowledge of Plaintiff's abuse by Fr. Anderson and staff at St. Joseph's Home for Boys.

121.    Defendants had a duty to protect Plaintiff and others from known perpetrators by warning Plaintiff and others of the abuse, abusive propensities, and/or preventing Anderson, staff members, and residents from engaging in predatory behavior toward Plaintiff and those similarly situated to him.

122.    Defendants failed to disclose information regarding Defendant Anderson's abusive tendencies and history of sexual abuse of others.

123.    Defendants failed to disclose their knowledge of Anderson's history of using his position as priest and counselor, and the church properties, for sexual abuse and assault.

124.    Defendants actively represented that Defendant Anderson was a capable counselor and priest, when they knew the priest had a propensity toward sexual abuse.

125.    Defendants engaged in such acts knowingly and/or intentionally.

126.    As a result, Defendants breached their fiduciary duties to Plaintiff by engaging in the willful, reckless, and wanton conduct described herein, by failing to disclose information regarding the injurious nature of the abuse, and/or in taking acts to conceal any such information.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

127.     Plaintiff justifiably relied upon Defendants for information relating to sexual misconduct of Defendants' agents.

128.     Defendants' actions and/or inactions were willful, wanton, and reckless for which punitive damages are appropriate.

129.     As a direct result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 7: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (All Defendants)

130.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

131.     Defendants intentionally failed to supervise, remove, or otherwise sanction Defendant Anderson and St. Joseph's staff after they had actual notice of the dangerous propensities of their agents to physically and sexually abuse children and continued to place them in positions of authority over Plaintiff and others.

132.     Defendants knew or should have known that Defendant Anderson and St. Joseh's staff were unsuitable for the position they held.

133.     Defendants failed to adequately review and monitor the services which were provided by Defendant Anderson, intentionally turning a blind eye to misconduct.

134.     Defendants failed to act upon information gained during the course of their supervision of Defendant Anderson.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

135.     Defendant Archdiocese allowed and/or encouraged its agents to turn a blind eye toward physical and sexual assaults committed by Anderson and St. Joseph's staff in furtherance of its policy of covering up these crimes.

136.     At all times relevant, Defendants engaged in extreme and outrageous conduct, intended to cause or committed in reckless disregard of the probability of causing emotional distress and harm.

137.     Defendants Archdiocese and Abbey engaged in unconscionable, outrageous conduct beyond all possible bounds of decency and utterly intolerable in a civilized society. Defendants' conduct caused Plaintiff severe emotional distress of such a nature that no reasonable person in a civilized society could be expected to endure it.

138.     Defendants' actions and/or inactions were willful, wanton, and reckless for which punitive damages and/or damages for aggravating circumstances are appropriate.

139.     Plaintiff suffered medically significant and diagnosable distress as a result of Defendants' actions as set forth in the Background Facts Applicable to All Counts.

140.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that is medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 8: NEGLIGENCE

141.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

142.    Defendants had a duty to protect those served by their churches from known harm by third parties.

143.    Upon information and belief, Defendants, by and through their agents, servants, and employees, knew or reasonably should have known of St. Joseph's Staff's and Defendant Anderson's dangerous and exploitative propensities and/or that they were unfit agents, and despite such knowledge, placed Plaintiff in a position where they knew or should have known harm would be perpetrated upon him.

144.    Defendant breached their duty to protect Plaintiff when they failed to protect Plaintiff from the sexual abuse described herein.

145.    Defendant's actions and/or inactions were grossly negligent, wanton, and reckless for which punitive damages are appropriate.

146.    As a direct result of the acts or omissions described herein, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that is medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 9: NEGLIGENT FAILURE TO SUPERVISE CHILDREN

### (St. Joseph's Home for Boys and Successor Corporations and Sole Members)

147.    Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

148.    Plaintiff was under the care, custody, and control of the Archbishop, Archdiocese, Catholic Charities, and St. Joseph's Home for Boys at the times all of the abuses by the staff and other residents at St. Joseph's as set forth in the Background Facts Applicable to All Counts above.

149.    The acceptance of that custody and control of the minor child created a relationship requiring the Defendants to exercise reasonable care in their supervision of that child.

150.    Defendants breached their duties of care in supervising Plaintiff in that they knew or should have known of the abuses to which Plaintiff was subjected by the students and staff at the school but failed to take action to protect Plaintiff from them.

151.    As a direct result of the acts or omissions described herein, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that is medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### COUNT 10: ACTION FOR  NEGLIGENT HIRING, RETENTION AND SUPERVISION

### (Defendants St. Joseph's Home For Boys And Successor Corporations And Sole Members)

152.    Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

153.    Staff was acting within the course and scope of their employment at all times in which Plaintiff was placed in the quiet room and beaten up by other boys sent into the quiet room with him.

154.    The actions of placing Plaintiff in the quiet room arose from the performance of the staff members' work.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

155.    Defendants staff members' actions were open and obvious to those who were charged with their supervision.

156.    No action was taken by any supervisor to prevent staff from placing Plaintiff in the quiet room to be beaten up.

157.    Staff openly watched television in another room without providing for the safety of the students in residence at the home.  No actions were taken to supervise, discipline, or otherwise require staff to provide for the students' welfare during the night.

158.    Defendants knew or should have known of the staff members' actions in placing Plaintiff in situations in which he would be beaten up but failed to appropriately train or supervise these staff members.

159.    Defendants knew or should have known that the failure to provide supervision and provide for the students' welfare during the night would cause Plaintiff and those similarly situated harm.

160.    As a direct result of the acts or omissions described herein, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that is medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered the destruction of his faith in God and all things pertaining to religion or spirituality; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 11: ACTION FOR VIOLATION OF RIGHTS 42 U.S.C. 1983

### (All Defendants)

161.    Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

162.    Upon information and belief, St. Joseph's contracted with the State to provide services for children who were wards of the state.

163.    Upon information and belief, Defendants accepted funding both state and Federal for the services they provided.

164.    St. Joseph's provided educational, residential, and other services to the boys in its care under color of state law.

165.    Schools have a duty to protect students from harm, including harm inflicted or created by their own staff.

166.    Defendants knew of the danger posed by Fr. Anderson but were recklessly indifferent to it.

167.    Defendants knew of the danger posed by their staff but were recklessly indifferent to it.

168.    Defendants knew of the danger posed by its policy in locking the boys in a dormitory at night with no adult supervision;

169.    Defendants knowingly created a dangerous environment that led to Plaintiff's injuries from abuse at the hands of Fr. Anderson, the boys in the dormitory and St. Joseph's staff.

170.    The actions of the defendants were part of a policy or custom that caused the deprivation of Plaintiff's rights.

171.    Defendant breached their duty to protect plaintiff when they failed to protect plaintiff from the sexual abuse described herein.

172.    Defendant's actions and/or inactions were grossly negligent, wanton and reckless for which punitive damages are appropriate.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

173.    As a direct result of the acts or omissions described herein, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that is medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 12: ACTION FOR VIOLATION OF RIGHTS 20 U.S.C. §1681(A)

### (All Defendants)

174.    Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

175.    Upon information and belief, St. Joseph's was an educational facility that received federal funds.

176.    Defendants had actual knowledge and notice of the sexual assaults of students by Fr. Anderson.

177.    Defendants were deliberately indifferent to the sexual assaults regularly occurring of Plaintiff.

178.    Plaintiff was subjected to severe, pervasive and objectively offensive sexual conduct caused by the deliberate indifference of the Defendants.

179.    The events occurred in the context of an educational activity.

180.    The events had the systematic effect of depriving Plaintiff of access to educational benefits or opportunities.

181.    Defendants failed to reasonably investigate Plaintiff's complain regarding the sexual harassment, assaults, and discrimination.

182.    Defendants took no corrective measures regarding Plaintiff's complaints.

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

183.    Defendants failed to provide Plaintiff with the education which it knew or should have known was required.

184.    Defendants discriminated against Plaintiff because of his sex.

185.    Defendants failed to supervise those persons it employed to provide education to Plaintiff so as to ascertain that said occurrences were taking place and so as to prevent their repetition.

186.    Defendants failed to train its employees to provide proper care, treatment, training and education to the Plaintiff.

187.    As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that is medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues triable in this case.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court award judgment against Defendants as follows:

1.    Awarding compensatory, statutory, and punitive damages in favor of Plaintiff against Defendants for damages sustained as a result of the wrongdoings of Defendants, together with interest thereon;

Electronically Filed - City of St. Louis - September 21, 2022 - 05:52 PM

2.      Awarding Plaintiff his costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys, experts, and reimbursement of Plaintiff's and counsel's expenses;

3.      Granting such other and further relief as the Court deems appropriate and just.

Respectfully submitted,


*/s/ Rebecca M. Randles*
REBECCA M. RANDLES              MO #40149
**RANDLES MATA, LLC**
851 NW 45th Street
Suite 310
Kansas City, Missouri 64116
(816) 931-9901
(816) 931-0134 (FAX)
rebecca@randlesmatalaw.com

ATTORNEY FOR PLAINTIFF

Electronically Filed - City of St. Louis - November 21, 2022 - 04:26 PM

**In the**

# CIRCUIT COURT

## City of St. Louis, Missouri

Christian Hornbeck
_____
Plaintiff/Petitioner

vs.

Archdiocese of St. Louis, et al.
_____
Defendant/Respondent

For File Stamp Only

November 21, 2022
_____
Date

2222-CC09538
_____
Case number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff_____, pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

MO Process Serving                 St. Louis, MO                    314/825-5512
_____
Name of Process Server          Address                          Telephone

_____
Name of Process Server          Address                          Telephone

_____
Name of Process Server          Address                          Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                  SERVE:
Good Shepherd Children and Family Services    Catholic Charities of St. Louis
_____          _____
Name                                    Name
1340 Partridge Avenue                   4445 Lindell Boulevard
_____          _____
Address                                 Address
St. Louis, MO 63130-1943                St. Louis, MO 63108
_____          _____
City/State/Zip                          City/State/Zip

SERVE:                                  SERVE:

_____          _____
Name                                    Name

_____          _____
Address                                 Address

_____          _____
City/State/Zip                          City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

Rebecca M. Randles
_____
Attorney/Plaintiff/Petitioner
40149
By_____          _____
    Deputy Clerk                        Bar No.
                                        851 NW 45th St. Ste. 310 Gladstone MO 64116
                                        _____
                                        Address
_____          (816) 931-9901
Date                                    _____
                                        Phone No.

Electronically Filed - City of St. Louis - November 21, 2022 - 04:26 PM

**RULE 14  SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - November 21, 2022 - 04:26 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - November 21, 2022 - 04:26 PM

**In the**

# CIRCUIT COURT

## City of St. Louis, Missouri

Christian Hornbeck
_____
Plaintiff/Petitioner

vs.

Archdiocese of St. Louis, et al.
_____
Defendant/Respondent

November 21, 2022
_____
Date

2222-CC09538
_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff _____, pursuant
　　　　　　　　Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| MO Process Serving | St. Louis, MO | 314/825-5512 |
|---|---|---|
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Good Shepherd Children and Family Services
_____
Name
1340 Partridge Avenue
_____
Address
St. Louis, MO 63130-1943
_____
City/State/Zip

SERVE:
Catholic Charities of St. Louis
_____
Name
4445 Lindell Boulevard
_____
Address
St. Louis, MO 63108
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER, Circuit Clerk**

By _____
Deputy Clerk

_____
Date

Rebecca M. Randles
_____
Attorney/Plaintiff/Petitioner
40149
_____
Bar No.
851 NW 45th St. Ste. 310 Gladstone MO 64116
_____
Address
(816) 931-9901
_____
Phone No.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC09538 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHRISTIAN HORNBECK<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>REBECCA M. RANDLES<br>SUITE 623<br>406 W  34TH<br>KANSAS CITY, MO  64111-2736 | |
| Defendant/Respondent:<br> ARCHDIOCESE OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing<br>via WebEx.  WebEx connection information may<br>also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  CATHOLIC CHARITIES OF ST LOUIS**
**Alias:  AS THE SOLE OF GOOD SHEPHERD CHILDREN AND FAMILY SERVICES**
**FKA CATHOLIC SERVICES FOR CHILDREN AND YOUTH**
**AND ST JOSEPH'S HOME FOR BOYS**

4445 LINDELL BOULEVARD
SAINT LOUIS, MO  63108

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**November 28, 2022**

_____
Date

_____
Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____
_____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                    Date                                                    Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC09538 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHRISTIAN HORNBECK<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>REBECCA M. RANDLES<br>SUITE 623<br>406 W  34TH<br>KANSAS CITY, MO  64111-2736 | |
| Defendant/Respondent:<br> ARCHDIOCESE OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:  CATHOLIC CHARITIES OF ST LOUIS**<br>**Alias:  AS THE SOLE OF GOOD SHEPHERD CHILDREN AND FAMILY SERVICES**<br>**FKA CATHOLIC SERVICES FOR CHILDREN AND YOUTH**<br>**AND ST JOSEPH'S HOME FOR BOYS** | |

**4445 LINDELL BOULEVARD**
**SAINT LOUIS, MO  63108**

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**    ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| **November 28, 2022** | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                    Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - January 19, 2023 - 12:09 PM

**In the**

# CIRCUIT COURT
## City of St. Louis, Missouri



CHRISTIAN HORNBECK
_____
Plaintiff/Petitioner

┌                                    ┐
            For File Stamp Only

01/19/2023
_____
Date

vs.

ARCHDIOCESE OF ST. LOUIS, et al.
_____
Defendant/Respondent

2222-CC09538
_____
Case number

_____
Division

└                                    ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Rebecca M. Randles, Counsel for Plaintiff _____, pursuant
                                             Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Antoinette Kovar | 2820 Lafayette Ave, St. Louis MO 6310⁴ | (314) 771-1178 |
| Augustus Cotten | 2820 Lafayette Ave St Louis MO 63104 | (314) 771-1178 |
| | | |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Good Shepherd Attn: Kathy Fowler
_____
Name
1340 Partiridge Avenue
_____
Address
St. Louis, MO 63130
_____
City/State/Zip

SERVE:
Catholic Charities Attn: Theresa E. Ruzicka
_____
Name
4445 Lindell Blvd.
_____
Address
St. Louis, MO 63108
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

By _____
   Deputy Clerk

_____
Date

Rebecca M. Randles
_____
Attorney/Plaintiff/Petitioner
40149
_____
Bar No.
851 NW 45th Street Ste. 310
_____
Address
Gladstone, MO 64116 (816) 931-9901
_____
Phone No.

Electronically Filed - City of St. Louis - January 19, 2023 - 12:09 PM

**In the**

# CIRCUIT COURT

## City of St. Louis, Missouri

CHRISTIAN HORNBECK
_____
Plaintiff/Petitioner

vs.

ARCHDIOCESE OF ST. LOUIS, et al.
_____
Defendant/Respondent

For File Stamp Only

01/19/2023
_____
Date

2222-CC09538
_____
Case number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Rebecca M. Randles, Counsel for Plaintiff _____, pursuant
          Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Antoinette Kovar | 2820 Lafayette Ave, St. Louis MO 63104 | (314) 771-1178 |
| Augustus Cotten | 2820 Lafayette Ave St Louis MO 63104 | (314) 771-1178 |
| | | |

to serve the summons and petition in this cause on the below named parties.

SERVE:

Good Shepherd Attn: Kathy Fowler
_____
Name
1340 Partiridge Avenue
_____
Address
St. Louis, MO 63130
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

Catholic Charities Attn: Theresa E. Ruzicka
_____
Name
4445 Lindell Blvd.
_____
Address
St. Louis, MO 63108
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
     Deputy Clerk


_____
Date

Rebecca M. Randles
_____
Attorney/Plaintiff/Petitioner
40149
_____
Bar No.
851 NW 45th Street Ste. 310
_____
Address
Gladstone, MO 64116 (816) 931-9901
_____
Phone No.

Electronically Filed - City of St. Louis - January 19, 2023 - 12:09 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - January 19, 2023 - 12:09 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2222-CC09538 |
| Plaintiff/Petitioner:<br>CHRISTIAN HORNBECK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>REBECCA M. RANDLES<br>SUITE 623<br>406 W 34TH<br>KANSAS CITY, MO 64111-2736 |
| Defendant/Respondent:<br> ARCHDIOCESE OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## ALIAS Summons in Civil Case

The State of Missouri to:  GOOD SHEPHERD CHILDREN AND FAMILY SERVICES
Alias:  FKA CATHOLIC SERVICES FOR CHILDREN AND YOUTH
AND ST JOSEPH'S HOME FOR BOYS

KATHY FOWLER, RAGT
1340 PARTRIDGE AVENUE
SAINT LOUIS, MO 63130

*COURT SEAL OF*

**SPECIAL PROCESS SERVER**

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**January 23, 2023**

_____
Date

_____
Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
      Printed Name of Sheriff or Server                                        Signature of Sheriff or Server

          **Must be sworn before a notary public if not served by an authorized officer:**

          Subscribed and sworn to before me on _____ (date).

*(Seal)*

          My commission expires: _____          _____
                                  Date                                                    Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2222-CC09538 |
| Plaintiff/Petitioner:<br>CHRISTIAN HORNBECK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>REBECCA M. RANDLES<br>SUITE 623<br>406 W  34TH<br>KANSAS CITY, MO  64111-2736 |
| Defendant/Respondent:<br> ARCHDIOCESE OF ST LOUIS<br><br>Nature of Suit:<br>CC Pers Injury-Other | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## ALIAS Summons in Civil Case

**The State of Missouri to:**  CATHOLIC CHARITIES OF ST LOUIS
**Alias:  AS THE SOLE OF GOOD SHEPHERD CHILDREN AND FAMILY SERVICES
FKA CATHOLIC SERVICES FOR CHILDREN AND YOUTH
AND ST JOSEPH'S HOME FOR BOYS**

THERESA E RUZICKA, RAGT
4445 LINDELL BLVD
SAINT LOUIS, MO  63108

| SPECIAL PROCESS SERVER |
|---|

*COURT SEAL OF*

**CIRCUIT COURT OF**

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**January 23, 2023**

_____
Date

*Thomas Kloeppinger*

_____
Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____ , a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                                    Date                                             Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - January 25, 2023 - 12:00 PM

In the

# CIRCUIT COURT
## City of St. Louis, Missouri

CHRISTIAN HORNBECK
_____
Plaintiff/Petitioner


vs.

ARCHDIOCESE OF ST. LOUIS, et al.
_____
Defendant/Respondent

For File Stamp Only

01/25/2023
_____
Date

2222-CC09538
_____
Case number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Rebecca M. Randles, Counsel for Plaintiff _____, pursuant
                               Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Antoinette Kovar | 2820 Lafayette Ave, St. Louis MO 6310⁴ | (314) 771-1178 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Augustus Cotten | 2820 Lafayette Ave, St. Louis MO 6310⁴ | (314) 771-1178 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Archdiocese of St. Louis
_____
Name
20 Archbishop May Drive
_____
Address
St. Louis, MO 63119
_____
City/State/Zip

SERVE:
Archbishop Mitchell T. Rozanski
_____
Name
20 Archbishop May Drive
_____
Address
St. Louis, MO 63119
_____
City/State/Zip

SERVE:
Archbishop Robert Carlson
_____
Name
20 Archbishop May Drive
_____
Address
St. Louis, MO 63119
_____
City/State/Zip

SERVE:
Sisters of St. Joseph of Carondelet
_____
Name
6400 Minnesota Ave
_____
Address
St. Louis, MO 63111-2807
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
    Deputy Clerk


_____
Date

Rebecca M. Randles
_____
Attorney/Plaintiff/Petitioner
40149
_____
Bar No.
851 NW 45th St. Ste. 310 Gladstone MO 64116
_____
Address
(816) 931-9901
_____
Phone No.

Electronically Filed - City of St. Louis - January 25, 2023 - 12:00 PM

**RULE 14  SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - January 25, 2023 - 12:00 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

    a. Misrepresentation of duty or authority;

    b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

    c. Improper use of the license;

    d. Making a false return; or

    e. Any other good cause.

    Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - January 25, 2023 - 12:00 PM

**In the**
# CIRCUIT COURT
## City of St. Louis, Missouri

CHRISTIAN HORNBECK
_____
Plaintiff/Petitioner

vs.

ARCHDIOCESE OF ST. LOUIS, et al.
_____
Defendant/Respondent

For File Stamp Only

01/25/2023
_____
Date

2222-CC09538
_____
Case number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Rebecca M. Randles, Counsel for Plaintiff _____, pursuant
Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Antoinette Kovar | 2820 Lafayette Ave, St. Louis MO 6310ₓ | (314) 771-1178 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Augustus Cotten | 2820 Lafayette Ave, St. Louis MO 6310ₓ | (314) 771-1178 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Archdiocese of St. Louis
_____
Name
20 Archbishop May Drive
_____
Address
St. Louis, MO 63119
_____
City/State/Zip

SERVE:
Archbishop Mitchell T. Rozanski
_____
Name
20 Archbishop May Drive
_____
Address
St. Louis, MO 63119
_____
City/State/Zip

SERVE:
Archbishop Robert Carlson
_____
Name
20 Archbishop May Drive
_____
Address
St. Louis, MO 63119
_____
City/State/Zip

SERVE:
Sisters of St. Joseph of Carondelet
_____
Name
6400 Minnesota Ave
_____
Address
St. Louis, MO 63111-2807
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By  M MCMULLEN
_____
Deputy Clerk

JANUARY 26 2023
_____
Date

Rebecca M. Randles
_____
Attorney/Plaintiff/Petitioner
40149
_____
Bar No.
851 NW 45th St. Ste. 310 Gladstone MO 64116
_____
Address
(816) 931-9901
_____
Phone No.

Electronically Filed - City of St. Louis - January 25, 2023 - 12:00 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - January 25, 2023 - 12:00 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2222-CC09538 | Special Process Server 1<br>A KOVAR |
|---|---|---|
| Plaintiff/Petitioner:<br>CHRISTIAN HORNBECK<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>REBECCA M. RANDLES<br>SUITE 623<br>406 W  34TH<br>KANSAS CITY, MO  64111-2736 | Special Process Server 2<br>A COTTEN |
| Defendant/Respondent:<br> ARCHDIOCESE OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  ARCHDIOCESE OF ST LOUIS<br>**Alias:**<br><br>**20 ARCHBISHOP MAY DRIVE**<br>**ST. LOUIS, MO  63119** | **SPECIAL PROCESS SERVER** |

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| **January 26, 2023** | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2222-CC09538 | Special Process Server 1<br>A KOVAR |
|---|---|---|
| Plaintiff/Petitioner:<br>CHRISTIAN HORNBECK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>REBECCA M. RANDLES<br>SUITE 623<br>406 W  34TH<br>KANSAS CITY, MO  64111-2736 | Special Process Server 2<br>A COTTEN |
| Defendant/Respondent:<br> ARCHDIOCESE OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | MITCHELL T ROZANSKI<br>**Alias:**  ARCHBISHOP OF THE ARCHDIOCESE OF ST LOUIS<br>AND AS MEMBER OF THE GOOD SHEPHERD CHILDREN<br>AND FAMILY SERVICES, FKA CATHOLIC SERVICES FOR CHILDREN<br>AND YOUTH AND ST JOSEPH'S HOME FOR BOYS |
|---|---|

**20 ARCHBISHOP MAY DRIVE**
**SAINT LOUIS, MO  63119**

*COURT SEAL OF*

*CITY OF ST LOUIS*

┌─────────────────────────────┐
│ **SPECIAL PROCESS SERVER**  │
└─────────────────────────────┘

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

**January 26, 2023**

| _____ | _____ |
|---|---|
| Date | Clerk |

Further Information:

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                                              Date                                                  Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2222-CC09538 | Special Process Server 1<br>A KOVAR |
| --- | --- | --- |
| Plaintiff/Petitioner:<br>CHRISTIAN HORNBECK | Plaintiff's/Petitioner's Attorney/Address<br>REBECCA M. RANDLES<br>SUITE 623<br>406 W  34TH<br>KANSAS CITY, MO  64111-2736 | Special Process Server 2<br>A COTTEN |
| vs. | | |
| Defendant/Respondent:<br> ARCHDIOCESE OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  ROBERT J CARLSON**
**Alias: ROBERT JAMES CARLSON**

**20 ARCHBISHOP MAY DRIVE**
**SAINT LOUIS, MO  63119**

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

> **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| **January 26, 2023** | *Thomas Kloppinger* |
| --- | --- |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2222-CC09538 | Special Process Server 1<br>A KOVAR |
|---|---|---|
| Plaintiff/Petitioner:<br>CHRISTIAN HORNBECK | Plaintiff's/Petitioner's Attorney/Address<br>REBECCA M. RANDLES<br>SUITE 623<br>406 W  34TH<br>KANSAS CITY, MO  64111-2736 | Special Process Server 2<br>A COTTEN |
| Defendant/Respondent:<br> ARCHDIOCESE OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

vs.

## Summons in Civil Case

**The State of Missouri to:  SISTERS OF ST JOSEPH OF CARONDELET**
**Alias:  ST LOUIS PROVINCE**

SISTER MARY FRANCES JOHNSON
6400 MINNESOTA AVENUE
SAINT LOUIS, MO  63111

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**January 26, 2023**

_____            _____
Date                                                                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____ , a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

My commission expires: _____

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2222-CC09538 |
| Plaintiff/Petitioner:<br>CHRISTIAN HORNBECK | Plaintiff's/Petitioner's Attorney/Address<br>REBECCA M. RANDLES<br>SUITE 623<br>406 W  34TH<br>KANSAS CITY, MO  64111-2736 |
| vs. | |
| Defendant/Respondent:<br> ARCHDIOCESE OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **ALEXANDER ANDERSON**
                           **Alias:  PASTOR OF ST ROSE OF LIMA PARISH SCHOOL**

**ST ROSE OF LIMA CATHOLIC CHURCH 504 S 3RD STREET DE SOTO, MO  63020**



*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

      **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

             **January 30, 2023**

_____    _____
             Date                                         Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
      Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                                     Date                         Notary Public

**Sheriff's Fees, if applicable**

Summons $_____

Non Est $_____

Sheriff's Deputy Salary
Supplemental Surcharge $_____10.00_____

Mileage $_____ (_____ miles @ $._____ per mile)

**Total $_____**

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.