UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRISTIAN HORNBECK,          )
                             )
        Plaintiff,            )
                             )
     vs.                   )      Case No. 4:23 CV 245 CDP
                             )
ARCHDIOCESE OF ST. LOUIS, et al.,  )
                             )
        Defendants.        )

## MEMORANDUM AND ORDER OF DISMISSAL AND REMAND

This removed case is before me a second time. Plaintiff alleges that he was

sexually and physically abused while he was a student residing at St. Joseph's

Home for Boys in the late 1990s and early 2000s.[1] The first time the case was

before me, it was removed here from state court by defendant Sisters of St. Joseph

of Carondelet, St. Louis Province (the Province) on March 24, 2022 and assigned

---

[1] Plaintiff alleges St. Joseph's was under the supervision and control of the defendant Archdiocese of St. Louis. Plaintiffs names defendant Alexander Anderson as the priest who sexually abused him. He also claims to have been sexually abused by other boys at the home and physically abused by "staff members" at St. Joseph's.

Plaintiff also names Archbishops Mitchell Rozanski and Robert Carlson, the Good Shepherd Children and Family Services, Catholic Charities of St. Louis, and the Sisters of St. Joseph of Carondelet, St. Louis Province as defendants. Plaintiff alleges that the home was run by the Archdiocesan Department of Children, which was incorporated by the Catholic Services for Children and Youth and then later became defendant the Good Shephard Children and Family Services. He names defendant Archbishop Rozanski as the current Archbishop of St. Louis and sole member of defendant Catholic Charities, which he alleges is the sole member of defendant Good Shepard. Archbishop Carlson is named in his individual capacity for his role in the investigation into plaintiff's allegations and in his former capacity as Archbishop of St. Louis and supervisor of defendant Anderson. Defendant Sisters of St. Joseph of Carondelet, St. Louis Province are alleged to have teaching and other responsibilities at St. Joseph's.

Cause Number 4:22CV345 CDP.  ECF 1 in Cause Number 4: 22CV345 CDP.

That case was eventually dismissed without prejudice on August 31, 2022, after

plaintiff repeatedly failed to timely comply with the orders of this Court and the

Local and Federal Rules of Civil Procedure and prosecute his case.  ECF 86 in

Cause Number 4: 22CV345 CDP.

Plaintiff then refiled the case in state court on September 21, 2022, which

was once again timely removed by the Province and directly assigned to me.  ECF

1.   As before, the sole basis for removal is federal question jurisdiction under 28

U.S.C. § 1441(a).  Plaintiff alleges in Counts 11 and 12 of his state-court petition

that defendants violated his rights under 42 U.S.C. § 1983 and 20 U.S.C. § 1681(a)

(Title IX).  ECF 11.  The remaining claims are brought under Missouri law.

All defendants move to dismiss plaintiff's complaint under Fed. R. Civ. P.

12(b)(6) for failing to state claims against them.  ECF 19, 21, 23, 25, 27, 29.

Defendants argue, in part, that plaintiff's federal claims fail because they are not

state actors capable of violating 42 U.S.C. § 1983 and Title IX does not apply in

this case.

Plaintiff has responded to the motions and only briefly opposes dismissal of

the federal claims.  Plaintiff does not argue that he needs discovery to respond to

the arguments with respect to the federal claims, nor does he claim that they are

prematurely raised on a motion to dismiss.  Instead, he simply reiterates the

2

allegations made in the petition that defendants should be considered state actors

because, upon information and belief, defendants received state and federal

funding for St. Joseph's and he was placed there by Missouri's Department of

Family Services (DFS).  Plaintiff also argues that Title IX applies because, again

based upon information and belief, "the home received state funds and probably

Federal funds for running a school for boys." *See e.g.*, ECF 35 at 21.

For the following reasons, I will grant defendants' motions to dismiss the

federal claims (Counts 11 and 12) and remand the remaining claims back to state

court.

## Discussion

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal

sufficiency of the complaint.  In ruling on such a motion, I must accept all factual

allegations in the complaint as true and view them in the light most favorable to the

plaintiff.  *Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

To survive a motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 657 (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570) (2007)); *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998

F.3d 789, 795 (8th Cir. 2021) (same).

A claim is facially plausible where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 657.  This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  Specific facts are not required; the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Legal conclusions "must be supported by factual allegations." *Id.* at 679.  Absent such support, the Court "is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (citations and internal quotations omitted).

Plaintiff's federal claims must be dismissed under Fed. R. Civ. P. 12(b)(6) because plaintiff's allegations regarding funding are not plausible and even if accepted as true, mere receipt of funds does not make defendants state actors capable of being sued under § 1983.  As for plaintiff's Title IX claim, plaintiff's "upon information and belief" allegation that St. Joseph's "probably" receives federal funds is not plausible and does not establish any basis for Title IX liability in this case.

4

These issues were recently decided by the Honorable Patricia L. Cohen in

*John Doe v. Archdiocese of St. Louis, et al.*, 4:20 CV 331 PLC.  That case, also

prosecuted by plaintiff's counsel, alleged that plaintiff John Doe was sexually

abused by defendant Anderson in the 1980s when plaintiff was a student residing

at St. Joseph's.  ECF 72 in Cause Number 4: 20 CV 331 PLC.  As here, Doe

alleged that defendants Archdiocese and Anderson violated his rights under § 1983

and Title IX and should be held liable under these statutes based upon the receipt

of state and/or federal funds by St. Joseph's and Doe's placement at St. Joseph's

by DFS.

On July 29, 2022, after discovery was complete, Judge Cohen granted

summary judgment to remaining defendants Archdiocese and Anderson on

plaintiff's federal claims as follows:

> Defendants assert that they are entitled to summary judgment on Plaintiff's
> Section 1983 claim because they were not acting "under color of law" when
> they allegedly violated Plaintiff's constitutional rights.  Plaintiff counters
> that summary judgment is not proper because he presented evidence that St.
> Joseph's received state funding and was therefore a state actor subject to
> liability under Section 1983.
>
> To establish a violation of Section 1983, a plaintiff must demonstrate: (1) the
> defendant acted under color of state law; and (2) the alleged wrongful
> conduct deprived the plaintiff of a constitutionally protected federal right.
> *McKay v. City of St. Louis*, 960 F.3d 1094, 1099 (8th Cir. 2020).  "[T]he
> under-color-of-state-law element of § 1983 excludes from its reach 'merely
> private conduct, no matter how discriminatory or wrongful.'"  *Americans
> United for Separation of Church & State v. Prison Fellowship Ministries,
> Inc.*, 509 F.3d 406, 421 (8th Cir. 2007) (quoting *Am. Mfrs. Mut. Ins. Co. v.*

5

*Sullivan*, 526 U.S. 40, 50 (1999)).  However, "[i]n certain circumstances the government may become so entangled in private conduct that 'the deed of an ostensibly private organization or individual is to be treated . . . as if a State had caused it to be performed.'"  *Id.* (quoting *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007)).

"The issue is whether the 'alleged infringement of federal rights [is] fairly attributable to the State.'"  *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982)).  "[S]tate action may be found . . . only if . . . there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted).  When determining whether to attribute a private actor's conduct to the state for purposes of Section 1983, courts consider: "the extent of state regulation, receipt of public funds, the type of function involved, and the presence of a symbiotic relationship."  *Sinn v. The Daily Nebraskan,* 829 F.2d 662, 665 (8th Cir. 1987) (citing *Rendell-Baker*, 457 U.S. 840-42).

Citing the affidavit of Bishop Mark Rivituso, the Archdiocese asserts that it was not a state actor because "[it] never contracted with the state to provide services through St. Joseph's, nor did it receive any state or federal funding related to St. Joseph's." [ECF No. 148 at 20 No. 148 at 20].  In the affidavit, Bishop Rivituso stated, in relevant part: "St. Joseph's Home for Boys has been closed since 2001, and upon information and belief, never received any federal funding during the relevant time period"; (2) "The Archdiocese of St. Louis has never received any state or federal funding related to St. Joseph's Home for Boys"; and "The Archdiocese of St. Louis never contracted with the State of Missouri to provide services through St. Joseph's Home for Boys." [ECF No. 149-8 at ¶¶ 3-5 No. 149-8 at ¶¶ 3-5].  In response, Plaintiff claims that he "established this statement is incorrect" because he presented evidence that "[c]hildren were taken to St. Joseph's Home for Boys by DFS," and "DFS paid for their admission there." [ECF No. 220 at 29 No. 220 at 29].  Plaintiff appears to refer to this entity alternately as "DFS" and "Missouri Department of Family Services." [See ECF No. 220 at 29 No. 220 at 29].  However, Plaintiff provides no evidence relating to its function, funding, relationship to the state of Missouri, or relationship to either St. Joseph's or Defendant Archdiocese.  In fact, Plaintiff does not once cite to the record in support of his response in opposition to Defendant

6

Archdiocese's motion for summary judgment on Plaintiff's Section 1983 claim.  To the extent he "incorporates by reference" his response to Defendant Anderson's motion for summary judgment on Plaintiff's Section 1983 claim, that response cites the deposition testimony of C.H.[2] a witness who alleges that Defendant Anderson sexually abused him when he was a resident of St. Joseph's in the late 1990s. [See ECF No. 219 at 21-22 (citing ECF No. 211-2)].  In his deposition, C.H. testified that "DFS" removed him from his mother's custody and placed him at various children's homes, including St. Joseph's. Notably, Plaintiff does not explain what he means by – and provides no evidence supporting – his assertion that "DFS paid for [children's] admission there."  Significantly, Plaintiff cites no authority supporting his suggestion that receipt of public funding alone converts a private party's actions into state action.

The sole basis for Plaintiff's claim that Defendant Archdiocese was a state actor for purposes of Section 1983 is his assertion that St. Joseph's, which was owned and operated by the Archdiocese, received state funding because DFS placed children in St. Joseph's care. Even if the Court accepts Plaintiff's assertion regarding DFS as true, the United States Supreme Court has held that receipt of public funding alone does not render a private school a state actor for purposes of Section 1983.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982) (school for students who had difficulty completing public high school was not a state actor even though "virtually all of the school's income was derived from state funds").  *See also Nichols v. Metro. Ctr. for Independent Living, Inc.*, 50 F.3d 514, 518 (8th Cir. 1995) (center for independent living for persons with disabilities was not a state actor even though it "depends upon government for nearly all of its funding," "performs uniquely public functions," and "is subject to extensive governmental regulations and licensing").  In the absence of any other argument or evidence demonstrating a close nexus between the Archdiocese and the state, Plaintiff's Section 1983 claim cannot withstand summary judgment.  The Court grants Defendant Archdiocese summary judgment on Plaintiff's Count 9.

Like Defendant Archdiocese, Defendant Anderson moves for summary judgment on the ground that Plaintiff fails to establish that Defendant Anderson was acting under color of state law when he allegedly abused

---

[2] C.H. is Christian Hornbeck, the plaintiff in this case.

Plaintiff.  Defendant Anderson states that he "is a private individual employed by *a private religious entity*, rather than a state actor."  [ECF No. 160 at 13No. 160 at 13 (emphasis in original)].  Plaintiff counters: "Because [St. Joseph's] received state funding, it is a 'state actor' under 42 U.S.C. [§] 1983" and Defendant Anderson, "as a managerial agent of the school[,] is also a state actor."  [ECF No. 219 at 22No. 219 at 22].

As previously discussed, Plaintiff failed to demonstrate that the Archdiocese, as the owner and operator of St. Joseph's, was a "state actor" for purposes of Section 1983.  Nothing in Plaintiff's first amended complaint or summary judgment materials demonstrates a sufficiently close nexus between Defendant Archdiocese and the state such that the Archdiocese's conduct "could be fairly attributable to the state."  *See Rendell-Baker*, 457 U.S. at 838.  Given Plaintiff's failure to demonstrate that the Archdiocese was a state actor, Plaintiff cannot establish that Defendant Anderson was a state actor.  The Court grants Defendant Anderson summary judgment on Plaintiff's Count 9.

Defendant Archdiocese asserts that it is entitled to summary judgment on Plaintiff's Title IX claim because St. Joseph's did not receive federal funding.  Plaintiff does not respond to Defendant Archdiocese's argument.

Section 901(a) of Title IX of the Education Amendments Act of 1972 provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).  "In short, the statute bars federally funded educational institutions from engaging in sex-based discrimination."  *Portz v. St. Cloud State Univ.*, 16 F.4th 577, 580 (8th Cir. 2021) (quotation omitted).  "Entities that receive federal assistance, whether directly or through an intermediary, are recipients within the meaning of Title IX; entities that only benefit economically from federal assistance are not."  *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 468 (1999).

If, as Defendant Archdiocese contends, St. Joseph's did not receive federal financial assistance, the Archdiocese is not subject to liability under Title IX. Plaintiff presents no evidence that St. Joseph's received federal funds.  In fact, in his response in opposition to Defendant Anderson's motion for summary judgment, Plaintiff acknowledges that he "has no knowledge of

8

whether the School received Federal funds[.]"  [ECF No. 219 at 21 No. 219 at 21].  In the absence of any evidence upon which a jury could reasonably find that St. Joseph's received federal financial assistance subjecting it and, by extension, the Archdiocese, to Title IX liability, the Court grants Defendant Archdiocese summary judgment on Plaintiff's Count 10.  *See, e.g., Buckley v. Archdiocese of Rockville Centre*, 992 F. Supp. 586, 590 (E.D. N.Y. 1998) (dismissing the plaintiff's Title IX claims because the plaintiff "has not demonstrated that St. Anthony's, the Brothers or the Diocese are the recipients of federal resources.").

*Doe v. Archdiocese of St. Louis*, 4:20 CV 331 PLC, 2022 WL 3016598, at *3–5 (E.D. Mo. July 29, 2022) (cleaned up).

Plaintiff makes the same arguments in this case that were specifically rejected by Judge Cohen, including the argument that Hornbeck's alleged placement at St. Joseph's by DFS converted defendants into state actors for purposes of § 1983.  Like Judge Cohen, I likewise conclude that, even if the Court accepts plaintiff's assertions as true, the United States Supreme Court has held that receipt of public funding alone does not render a private school a state actor for purposes of § 1983.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982) (school for students who had difficulty completing public high school was not a state actor even though "virtually all of the school's income was derived from state funds" and relationship is not changed because "the State pays the tuition of the students"); *see also Nichols v. Metro. Ctr. for Independent Living, Inc.*, 50 F.3d 514, 518 (8th Cir. 1995) (center for independent living for persons with disabilities was not a state actor even though it "depends upon government for nearly all of its

funding," "performs uniquely public functions," and "is subject to extensive governmental regulations and licensing").  Plaintiff does not distinguish *Doe* from his case at all, nor does he allege any additional facts in this case which would allow me to draw the reasonable inference that defendants are state actors who may be held liable under § 1983 based upon the receipt of funds or plaintiff's alleged placement at St. Joseph's by DFS.

Moreover, plaintiff's "upon information and belief" allegations about the sources of funding for St. Joseph's are not plausible on their face and need not be accepted by the Court as true in this case.  After a lengthy discovery period and summary judgment briefing in *Doe*, plaintiff's counsel failed to present any evidence that St. Joseph's received either state or federal funds.  Instead, the uncontroverted evidence established that St. Joseph's did *not* receive either state or federal funds.  Judge Cohen's ruling in *Doe* was issued before plaintiff's counsel refiled this lawsuit in state court and, as counsel of record in *Doe*, plaintiff's counsel cannot contend that she was unaware of Judge Cohen's ruling.  While "upon information and belief" allegations are still permitted after *Twombly*, here they are not plausible on their face because these rote allegations have been specifically rejected by this Court in *Doe*.  Plaintiff's state-court petition does not contain sufficient factual content that would allow me to draw the reasonable inference that St. Joseph's receives federal funding or that Title IX applies.

10

I find Judge Cohen's reasoning in *Doe* persuasive and adopt it here.  *See Doe*, 2022 WL 3016598, at \*3–5.  As this reasoning applies equally to all the defendants in this case, plaintiff has failed to state any federal claims against defendants under either § 1983 or Title IX.  Counts 11 and 12 of plaintiff's state-court petition are therefore dismissed for failure to state a claim.

Plaintiff's remaining claims arise solely under state law.  These claims are before the Court based on supplemental jurisdiction under 28 U.S.C. § 1367(a).  However, "'[w]hen a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims.'"  *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC,* 781 F.3d 1003, 1016–17 (8th Cir. 2015) (quoting *In re Canadian Import Antitrust Litig.,* 470 F.3d 785, 792 (8th Cir. 2006)).  "Federal district courts should exercise judicial restraint and avoid state law issues wherever possible because state law claims are more properly heard by state courts."  *Quinn v. BJC Health Sys.*, 364 F. Supp. 2d 1046, 1056 (E.D. Mo. 2005) (cleaned up).

As plaintiff has failed to state any federal claims, upon due consideration I will exercise my discretion to remand the state law claims back to state court as they depend solely on a determination of state law and no discovery has been conducted in this case.

11

Accordingly,

**IT IS HEREBY ORDERED** that the pending motions to dismiss [ECF 19, 21, 23, 25, 27, 29] are granted only as follows: Counts 11 and 12 of plaintiff's state-court petition are dismissed for failure to state a claim.  In all other respects, the motions to dismiss are denied without prejudice to being refiled in state court.

**IT IS FURTHER ORDERED** that plaintiff's remaining claims (Counts 1 through 10) are remanded to the Circuit Court of the City of St. Louis, Missouri.

A separate Order of Dismissal and Remand is entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2023.

12